**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Gotta, et al., | No. CV-20-01865-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Stantec Consulting Services Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Stantec Consulting Services, Inc.'s ("Stantec") Motion to Dismiss (Doc. 14). For the following reasons, the Motion is denied.

## BACKGROUND

Named Plaintiffs Samantha Gotta and Michael De Sena ("Plaintiffs") are former employees of Stantec. (Doc. 1 at 6–7.) Both are also former participants in the Stantec 401k Plan ("Plan"), a defined contribution retirement plan offered to employees after one month of employment or at age 21. *Id.* at 10. Under the Plan, participants direct the investment of their contributions into various pre-selected options, such as mutual funds, collective investment trusts, and index funds. *Id.* at 11–12. Defendants are fiduciaries of the Plan and were responsible for curating the investment options and monitoring their performance. *Id.* at 11. Plaintiffs allege Defendants violated their duty to prudently select and monitor the Plan's investments.

Plaintiffs' complaint focuses on the alleged deficiency of several of the Plan's

investment offerings. They allege that "in several instances during the Class Period, Defendants failed to prudently monitor the Plan to determine whether the Plan was invested in the lowest-cost share class available for the Plan's mutual funds, which are identical to the mutual funds in the Plan in every way except for their lower cost." *Id.* at 23. Plaintiffs also allege that the expense ratios in the Plan's investment options were significantly higher than the other, comparable funds. *Id.* at 29. Specifically, Plaintiffs identify the JPMorgan Smart Retirement date funds for 2020, 2025, 2030, 2035, 2040, 2045, 2050, 2055, and 2060; the American Beacon Large Cap Value R5 Fund; the JPMorgan Smart Retirement Income Fund R6; and the PIMCO All Asset Authority Institutional Fund as underperforming offerings with unreasonably high expense ratios. *Id.* at 35–38. They further claim that Defendants' failure to identify "lower cost collective trust versions of the exact same investment offerings" unnecessarily increased the expense of the investment offerings. *Id.* at 31.

Finally, apart from the Plan's offerings, Plaintiffs allege that the record-keeping and administrative costs of the Plan were excessive. Specifically, that "[t]he total amount of recordkeeping fees (both through direct and indirect payments) currently is at least $75 per participant annually – when a reasonable fee ought to be no more than $25 per participant annually." *Id.* at 46.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a

presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. ERISA Claims

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). Plaintiffs allege that Defendants violated both their own fiduciary duties and their duty to monitor other fiduciaries under the statute.

### a. First Claim for Relief: Breach of Fiduciary Duty of Prudence

"An ERISA fiduciary must act for the exclusive benefit of plan beneficiaries, 29 U.S.C. § 1104(a)(1), and must act 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996) (quoting 29 U.S.C. § 1104(a)(1)(B)). Under this standard, courts must determine "whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment." *Donovan v. Mazzola*, 716 F.2d 1226, 1232 (9th Cir. 1983). A fiduciary must fulfill these investigative duties both at the outset when assets are selected and on an ongoing basis to continuously monitor and remove imprudent investments. *See Tibble v. Edison Int'l*, 575 U.S. 523, 529–530 (2015). Because this standard focuses on a fiduciary's conduct in arriving at an investment decision, rather than results, "poor performance, standing alone, is not sufficient to create a reasonable inference that plan fiduciaries failed to conduct an adequate investigation . . . ERISA requires a plaintiff to plead some other indicia of imprudence." *White v. Chevron Corp.*, No. 16-CV-0793-PJH, 2017 WL 2352137, at *1 (N.D. Cal. May 31, 2017). Thus, as "the content of the duty of prudence turns on 'the circumstances . . . prevailing' at the time the fiduciary acts, § 1104(a)(1)(B), the appropriate inquiry will necessarily be context specific." *Fifth Third Bancorp v. Dudenhoeffer*, 573

U.S. 409, 425 (2014).

Here, Plaintiffs allege Defendants breached their fiduciary duties in several ways: (1) by selecting high-cost share classes where a lower-cost share class was available for the exact same investments; (2) by failing to choose funds with substantially the same benefits and significantly lower expense ratios than the funds offered; (3) by failing to utilize lower-cost collective trusts in their offerings; (4) by retaining underperforming investments with unreasonably high expense ratios; and (5) by failing to monitor the record-keeping and administrative expenses of the plan.

In the Complaint, Plaintiffs allege that "Defendants failed to prudently monitor the Plan to determine whether the Plan was invested in the lowest-cost share class available for the Plan's mutual funds, which are identical to the mutual funds in the Plan in every way except for their lower cost." (Doc. 1 at 23.) Plaintiffs' claim that "[a] prudent fiduciary conducting an impartial review of the Plan's investments would have identified the cheaper share classes available and transferred the Plan's investments in the above-referenced funds into institutional shares at the earliest opportunity." *Id.* at 25. As evidence of failure to offer the lowest cost share class available to the Plan, Plaintiffs point to other JPMorgan Smart Retirement Income Funds with lower net expense ratios and the same investments. *Id.* at 24. They allege that that "Defendants' failure to remove these consistently underperforming investments demonstrates the absence of a prudent process to evaluate the Plan's investment offerings." *Id.* at 34.

Taken as true, these allegations sufficiently state a claim of breach of fiduciary duty. *See Ybarra v. Bd. of Trs. of Supplemental Income Tr. Fund*, No. SACV1702091JVSEX, 2018 WL 9536641, at *4 (C.D. Cal. Nov. 5, 2018).[1] Plaintiffs' claim is not defeated by their failure to allege which processes led to a breach of fiduciary duties. Although it is true that the duty of prudence focuses on a fiduciary's conduct rather than results, the Ninth Circuit has acknowledged that "circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage" because

---

[1] Because Plaintiffs' first allegation in support of Count I is sufficient to state a claim, the Court need not address the Plaintiffs' remaining arguments.

plaintiffs may not "be in a position to describe with particularity the events constituting the alleged misconduct." *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995). Here, Plaintiffs allege that the bargaining power of the Plan should have allowed for Defendants to select less expensive classes. (Doc. 1 at 4.) They thus attack the Plan's method for selection, not merely distinctions that appeared between the funds with the benefit of hindsight.

Stantec's assertions that offering actively managed funds and declining to offer additional index funds or collective trusts cannot be per se violations of their duties fail to show that Plaintiffs' claims must be dismissed. Plaintiffs allege that Defendants failed to offer "identical" investment options which offered lower net expense ratios, and that "[t]he Plan did not receive any additional services or benefits based on its selection of more expensive share classes." *Id.* at 25, 23. Whether this failure runs afoul of how "a prudent man acting in like capacity and familiar with such matters" would act is a question of fact that cannot be resolved on a motion to dismiss. 29 U.S.C. § 1104(a)(1); *see Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1078 (N.D. Cal. 2017) (internal quotation and citation omitted) ("[T]he prudence inquiry is fact intensive. And, because it involves the application of a reasonableness standard, [r]arely will such a determination be appropriate on a motion for summary judgment, let alone a motion to dismiss.").[2]

### b. Second Claim for Relief: Failure to Adequately Monitor Other Fiduciaries

"To state a claim for failure to monitor under ERISA, the plaintiff must allege that the defendant failed to review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards." *Fernandez v. Franklin Res., Inc.*, No. 17-CV-06409-CW,

---

[2] The parties disagree about whether the Court may judicially notice several prospectuses and other plan documents submitted by Defendants in support of their Motion. Regardless of whether the Court may properly notice the documents, however, the meaning of the exhibits is a function of the Court's judgment regarding the comparability of the proffered funds to those selected by Defendants, and whether the documents demonstrate Defendants acted prudently. As these are fact-intensive inquiries inappropriate for a Motion to Dismiss, the Court declines to consider the documents, and Defendants Request for Judicial Notice is denied as moot.

2018 WL 1697089, at *7 (N.D. Cal. Apr. 6, 2018) (citation omitted). Plaintiffs allege that Defendants failed to "monitor the processes by which Plan investments were evaluated," "remove Committee members whose performance was inadequate," or "monitor and evaluate the performance of the Committee Defendants or have a system in place for doing so." (Doc. 1 at 50–51.) This is sufficient to state a claim. "A plaintiff is not required to plead specific facts about the fiduciary's internal processes because such information is typically in the exclusive possession of a defendant." *Id.*

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Stantec Consulting Services, Inc.'s Motion to Dismiss (Doc. 14) is **DENIED.**

Dated this 18th day of May, 2021.

_____
G. Murray Snow
Chief United States District Judge