WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Gotta, et al., | No. CV-20-01865-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Stantec Consulting Services Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' Motion for Class Certification (Doc. 57) and Defendants' Motion for Partial Summary Judgment (Doc. 66). For the following reasons, the motions are granted.

## BACKGROUND

The factual background of this case is outlined in the Order at Doc. 30. The relevant procedural background is uncomplicated: Plaintiffs filed their motion to certify on July 22, 2022, and Defendants filed their motion for summary judgment on April 14, 2023. Both motions are effectively unopposed.

## DISCUSSION

**I. Motion to Certify**

Plaintiffs seek to certify the following class: "[a]ll persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between September 24, 2014, and the date of judgment." (Doc. 59 at 4.) They

also ask the Court to appoint Plaintiffs Samantha Gotta and Michael De Sena as class representatives and Edelson Lechtzin LLP and McKay Law LLC as class counsel. For the reasons below, these requests are granted.

### A. Class Certification: Rules 23(a) & (b)

To certify a class under Federal Rule of Civil Procedure 23, a class action must satisfy two sets of criteria. First, it must satisfy Rule 23(a)'s requirements, which are commonly referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)–(4). Second, a class action must satisfy at least one of three requirements listed in Rule 23(b), one of which is "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The party seeking certification bears the burden of demonstrating that it has met the requirements. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). The Court must conduct a "rigorous analysis" to determine whether Plaintiffs have met their burden under Rule 23. *Zinser v. Accufix Rosch. Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233) (9th Cir. 1996).

Plaintiffs have satisfied Rule 23(a)'s requirements. First, their proposed class contains 10,639 members. Thus, the class "is so numerous that joinder of all members is impracticable." *See Escalante v. California Physicians' Serv.*, 309 F.R.D. 612, 618 (C.D. Cal. 2015) (finding that "even presuming a class of 19, numerosity is met"). Second, the commonality requirement is met because Plaintiffs' claims are virtually the same for every member of the class as the allegations of fiduciary mismanagement would apply in roughly the same way to every class member. *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 n. 11 (3rd Cir. 2009).

Third, because "the key issues in this case concern Defendants' conduct, not individual actions taken by the Plaintiffs," the typicality requirement is also met. Fourth,

Plaintiffs have shown that they (and their counsel) have no conflicts of interest. Plaintiffs "are acting on behalf of the Plan in seeking to enforce the fiduciary duties that Defendants owe to the Plan as a whole and to recover remedies that are due the Plan." (Doc. 57 at 17 (citing 29 U.S.C. §1109(a)).) Indeed, Plaintiffs are not pursuing any individual claims.

Likewise, Plaintiffs have also made the requisite showing under Rule 23(b) because, in the Ninth Circuit, ERISA breach of fiduciary duty claims are properly certified under Rule 23(b)(1)(A). *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 965 (9th Cir. 2016). Importantly, Defendants do not contest that Plaintiffs meet Rule 23's requirements. Accordingly, the Court certifies Plaintiffs' proposed class.

### B.  Appointment of Class Representatives: Rule 23(a)

The Court must appoint class representatives under Rule 23. "The final hurdle interposed by Rule 23(a) is that the representative parties will fairly and adequately protect the interests of the class." *Maiman v. Talbott*, No. SACV0900012AGANX, 2011 WL 13065750, at *5 (C.D. Cal. Aug. 29, 2011). For the reasons noted above, Samantha Gotta and Michael De Sena will fairly and adequately protect the class's interest. Accordingly, having received no objection from Defendants, the Court appoints Gotta and De Sena as class representatives.

### C.  Appointment of Class Counsel: Rule 23(g)

When certifying a class, a court must appoint class counsel. Fed. R. Civ. P. 23(g). When, as is the case here, "one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). Under Rule 23(g)(1), a court must consider several factors, including "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(ii). Under Rule 23(g)(4), a court must determine whether class counsel will "fairly and adequately represent the interests of the class."

Plaintiffs propose Edelson Lechtzin LLP and McKay Law LLC as class counsel. According to Plaintiffs' motion, their counsel has conducted extensive research on potential claims and legal issues, such as consulting with expert witnesses and reviewing thousands of documents produced during discovery. The motion further notes counsels' success in similar ERISA suits in other jurisdictions and Mr. Michael McKay's experience litigating class actions in the District of Arizona. Together, counsels' experience suggests adequate knowledge of applicable law and a probable understanding of the resources needed to represent a class of this size on claims of this nature. For example, both firms have secured million-dollar settlements on ERISA claims.

Defendants do not object to Plaintiffs' proposed counsel. (*See* Doc. 59 at 4-5 ("McKay Law, LLC and Edelson Lechtzin, LLP are qualified in this case to be appointed class counsel under Rule 23(g)."). While "Defendants do strongly take issue with counsel's selective and, at times, misleading presentation of certain deposition testimony in this case," they do not suggest that counsel will be unable to fairly and adequately represent the interests of the class. Accordingly, the Court appoints Edelson Lechtzin LLP and McKay Law LLC as class counsel.

## II.     Motion for Partial Summary Judgment

Defendants move for partial summary judgment on Plaintiffs' request for prospective injunctive relief by alleging that Plaintiffs lack standing to pursue this claim because they no longer participate in the plan. The motion is granted.

### A.     Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001) (en banc). In its analysis, a court must view the evidence in the light most favorable to the

non-moving party and must draw all reasonable inferences in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Standing Analysis

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *see also Hodgers–Durgin v. de la Vina,* 199 F.3d 1037, 1044–45 (9th Cir.1999) (finding that a defendant's conduct will subject unnamed class members to the alleged harm is insufficient to establish standing to seek injunctive relief on behalf of the class). To seek prospective injunctive relief, a plaintiff must establish that they are personally likely to suffer future injury from the conduct they seek to enjoin. *Circle Click Media, LLC v. Regus Mgmt. Grp., LLC*, 743 F. App'x 883, 884 (9th Cir. 2018); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that a plaintiff must demonstrate "a sufficient likelihood that he will again be wronged in a similar way.").

To the extent that the Plaintiffs seek prospective injunctive relief, their injuries are not redressable because they will not benefit from future changes in the execution of Defendants' fiduciary duties. *DeFazio v. Hollister Emp. Share Ownership Tr.*, 612 F. App'x 439, 441 (9th Cir. 2015) ("[T]he Plan Participants, who have already cashed out of the Plan, lack Article III standing as to redressability vis-a-vis their claims for prospective equitable relief.") The parties agree that De Sena and Gotta are not Stantec employees, and they do not assert that they will work at Stantec again. Thus, there is no plausible basis that they will suffer injury because of any future breaches of Defendants' fiduciary duties.

Indeed, Plaintiffs do not oppose the partial motion for summary judgment because they "do not intend to seek prospective injunctive relief on behalf of the Stantec 401(k)

Plan." (Doc. 68 at 2.)   Accordingly, the motion for partial summary judgment is granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Class Certification (Doc. 57) is **GRANTED.**  Additionally,

1. Samantha Gotta and Michael De Sena are appointed as class representatives
2. Edelson Lechtzin LLP and McKay Law LLC are appointed as class counsel.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 66) is **GRANTED** on Plaintiffs' claims for prospective injunctive relief.

Dated this 2nd day of May, 2023.

_____
G. Murray Snow
Chief United States District Judge