1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Gotta, et al., | No. CV-20-01865-PHX-GMS |
| Plaintiffs, | **ORDER AND FINAL JUDGMENT** |
| v. | |
| Stantec Consulting Services Incorporated, et al., | |
| Defendants. | |

This action came on for a final fairness hearing, held on March 8, 2024**,** on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED** granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses, and Class Contribution Awards (Doc. 79) as follows:

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on October 30, 2023 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts

1    the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding,

2    and enforced according to its terms and conditions.

3    The Court determines that Plaintiffs have asserted claims on behalf of the Stantec

4    Consulting Services Inc. 401(k) Plan (the "Plan") to recover losses alleged to have occurred

5    as a result of violations of the Employee Retirement Income Security Act of 1974, as

6    amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

7    The Court determines that the Settlement, which requires the payment of $2,000,000

8    on behalf of Defendants, has been negotiated vigorously and at arm's length by Class

9    Counsel, and further finds that, at all times, Plaintiffs have acted independently and that

10   their interests are identical to the interests of the Plan and the Settlement Class. The Court

11   further finds that the Settlement arises from a genuine controversy between the Parties

12   and is not the result of collusion, nor was the Settlement procured by fraud or

13   misrepresentation.

14   The Court finds that the Plan's participation in the Settlement is on terms no less

15   favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any

16   additional claims above and beyond those asserted by Plaintiffs that are released as a result

17   of the Settlement.

18   The Court determines that the Settlement is not part of an agreement, arrangement,

19   or understanding designed to benefit a party in interest, but rather is designed and intended

20   to benefit the Plan, and the Plan's participants and beneficiaries.

21   Accordingly, the Court determines that the negotiation and consummation of the

22   Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute

23   "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or

24   (b). Further, the Court finds that in light of the analysis and opinion provided by the

25   Independent Fiduciary, to the extent any of the transactions required by the Settlement

26   constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such

27   transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed.

28   Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Stantec Consulting Services, Inc. 401(k) Plan (the "Plan") at any time during the Class Period.

The "Class Period" shall be defined as September 24, 2014 through November 3, 2014. A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan during such period.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of McKay Law, LLC and Edelson Lechtzin, LLP as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendants with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of

1   the Releasees from the Released Claims.

2       As of the date of Complete Settlement Approval and payment of the Settlement

3   Amount, Defendants, including their present or former agents, employees, attorneys,

4   accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates,

5   executors, administrators, successors, and assigns, shall be deemed to have released the

6   Plaintiff Released Parties from any claims that may have arisen out of this Action.

7       As of the date of Complete Settlement Approval and payment of the Settlement

8   Amount, all release provisions shall be given full force and effect in accordance with each

9   and all of their express terms and provisions, including those terms and provisions relating

10  to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs

11  assume for themselves, and on behalf of the Settlement Class, and Defendants assume the

12  risk of any subsequent discovery of any matter, fact, or law, that, if now known or

13  understood, would in any respect have affected or could have affected any such Person's

14  entering into the Stipulation.

15      The Court further determines that Defendants have fully complied with the notice

16  requirements of the Class Action Fairness Act of 2005, to the extent possible.

17      All members of the Settlement Class and the Plan are hereby barred and enjoined

18  from the institution and prosecution, either directly or indirectly, of any other actions in

19  any court asserting any and all Released Claims against any and all Releasees.

20      The litigation expenses incurred by Class Counsel in the course of prosecuting this

21  action are reasonable. Accordingly, Class Counsel is awarded expenses in the amount of

22  $117,620.00, to be paid from the Settlement Fund.  The attorney's fees sought by Class

23  Counsel in the amount of thirty percent (30%) of the common fund established in this

24  Action are reasonable in light of the successful results achieved by Class Counsel, the

25  monetary benefits obtained in this Action, the substantial risks associated with the Action,

26  Class Counsel's skill and experience in class action litigation of this type, and the fee

27  awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the

28  amount of thirty percent (30%) of the common fund established in this Action, specifically

$666,666.67.

Plaintiffs Samantha Gotta and Michael De Sena are hereby awarded case contribution awards in the amount of Ten Thousand Dollars ($10,000.00) each.

Class Counsel's attorney's fees and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this case.

Dated this 13th day of March, 2024.

G. Murray Snow
Chief United States District Judge